UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KAMI HODGE,

                                          Petitioner,

            -v.-                                  9: 07-CV-0662
                                                              (TJM)(DRH)
R. WOODS,

                                        Respondent.

---

APPEARANCES:

KAMI HODGE
00-A-4255
Petitioner, *pro se*

THOMAS J. MCAVOY, Senior U.S. District Judge

**DECISION and ORDER**

     By Order of this Court filed June 28, 2007, Petitioner Kami Hodge was directed to file an amended petition because his original petition appeared to be time-barred. Dkt. No. 3. Petitioner was advised that if he believed that his petition was not time-barred he should file an amended petition which was to include information demonstrating that the petition was timely filed. *Id*. at 3. On July 9, 2007, Petitioner filed a submission in response to the June 28, 2007 Order, which submission is now before the Court for review. Dkt. No. 4.

     In his submission, Petitioner claims that he did not file a federal habeas petition sooner because he "never knew that [he could] appeal to the higher court. [He] had no knowledge of the law at the time. [His] lawyer never told [him] that [he could] put in a appeal to the federal court." Dkt. No. 4 at 1. Petitioner also claims that he has filed this habeas proceeding now because he "now know[s] that [he has] the right to appeal to federal court." *Id.* Petitioner also claims that he recently discovered that the victim of his

crime - a police officer - "is now in jail with a couple of other officer[s] for trading 'crack cocaine' for information." *Id.*

As noted in the June 28, 2007 Order, 28 U.S.C. § 2244(d)(1) provides that federal habeas petitions challenging a judgment of a State Court are subject to a one year statute of limitations. Specifically, 28 U.S.C. § 2244(d) states:

> (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under subsection (A), a judgment of conviction becomes final at the conclusion of the ninety days during which the party could have sought certiorari in the United States Supreme Court. *Hughes v. Irvin*, 967 F.Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States); *Allen v. Hardy*, 478 U.S. 255, 258 n. 1 (1986) (decision becomes final "where the availability of appeal [is] exhausted, and the

time for petition for certiorari ha[s] elapsed."). Therefore, for purposes of subsection (A), Petitioner's conviction became "final" for purposes of determining the statute of limitations no later than August 10, 2004, and the one year statute of limitations began to run on that date. Because Petitioner filed no other state court challenges to his conviction the statute of limitations was never tolled and expired on or about August 10, 2005. Consequently, the present action - which was originally signed by Petitioner on June 20, 2007 - is time-barred pursuant to subsection (A).

The Court has also considered whether Petitioner's action is timely pursuant to subdivisions (B), (C), or (D) of § 2244(d)(1) and finds that it is not. Petitioner does not allege that (1) an impediment to filing an application created by State action has now been removed, *see* § 2244(d)(1)(B), or (2) the Supreme Court has recognized a new constitutional right which has been made retroactive to cases on review, *see* § 2244(d)(1)(C). Petitioner also does not benefit from § 2244(d)(1)(D) which states that the one year statute of limitations shall run from the date that Petitioner could with due diligence have discovered the factual predicates of his claim. The factual predicates of his claims are that his first statement to police was taken in violation of his *Miranda* rights and the photo array used to identify Petitioner was highly suggestive and should have been suppressed. Docket no. 1 at 4-5. The fact that the victim of his crime - a police officer - is now in jail on charges of trading crack cocaine for information - is of no relevance to any of Petitioner's claims.

To the extent that Petitioner claims that he was not aware until now that he could file a habeas petition in federal court, it appears that Petitioner is asking that his statute of limitations be equitalbly tolled. The Second Circuit has held that the habeas limitation period can be equitably tolled in extraordinary situations. *See Smith v. McGinnis,* 208

F.3d 13, 17 (2d Cir. 1996).

> Equitable tolling applies only in the 'rare and exceptional circumstance[ ].' In order to equitably toll the one year period of limitations, [petitioner] must show that extraordinary circumstances prevented him from filing his petition on time.

*Id*. at 17.   Thus, equitable tolling is applied infrequently and must be reserved for extreme and unusual circumstances.  To be entitled to the benefit of equitable tolling, a petitioner must show that (1) "rare and exceptional circumstances" prevented him from filing on time and (2) that petitioner "acted with reasonable diligence throughout the period he seeks to toll."  *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001).  Here, Petitioner's claim that he was ignorant of the law regarding federal habeas petitions is not an extraordinary circumstance which would warrant equitable tolling.  *Thomas v. Unger*, No. 06CV6578, 2007 WL 539039, at *2 (E.D.N.Y. Feb. 15, 2007); *see also Worsham v. West,* 05 Civ. 530, 2006 WL 2462626, at *2 (S.D.N.Y. Aug.23, 2006) ( "Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases." ); *Doyle v. Yelich,* No. 05 CV 2750, 2005 WL 2475727, at *2 (E.D.N.Y. Oct. 7, 2005) (a petitioner's *pro se* status and ignorance of the law do not warrant equitable tolling); *Ayala v. Fischer,* 04 Civ. 3404, 2004 WL 2435523, at *1 (S.D.N.Y. Nov.2, 2004) ("Ignorance of the law and an inability to read or write do not constitute extraordinary circumstances that would justify equitable tolling ."); *Williams v. Breslin,* 03 Civ. 1848, 2004 WL 2368011, at *6 (S.D.N.Y. Oct.20, 2004) (same); *Francis v. Miller,* 198 F.Supp.2d 232, 235 (E.D.N.Y.2002) (ignorance of law and legal procedure is not so exceptional as to merit equitable tolling).  Petitioner has thus not alleged facts sufficient to warrant equitable tolling.

   Petitioner's most recent submission does not provide any information whatsoever to

overcome the finding that this action was not timely filed. Accordingly, the petition for a writ of habeas corpus is hereby dismissed as time-barred.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed for the reasons set forth above, and it is further

ORDERED, that the Clerk serve a copy of this Order on Petitioner in accordance with the Local Rules.

Dated: July 16, 2007

Thomas J. McAvoy
Senior, U.S. District Judge